IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERITA EVERETTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-1325-S-BT |
| | § | |
| KEN PAXTON, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Sherita Everetts filed the present action challenging Texas state court proceedings regarding child support payments. For the following reasons, the Court should dismiss this action for lack of subject matter jurisdiction.

## Background

Everetts filed a one-page handwritten complaint on May 28, 2025. *See* Compl. (ECF No. 3). She contends that a case against her regarding child support payments was improperly transferred to, or re-opened in, Texas state court.[1]  *Id.* at 1. This supposedly amounts to fraud on the part of the Texas Attorney General. Therefore, Everetts asks that the Court close her state court case.

---

[1] According to the Child Support Payment Plan Everetts attached to her Complaint, she owed $2,828.32 at the time of filing. *Id.* at 2.

1

**Legal Standards and Analysis**

A federal court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co., 871 F.3d 380, 384 n.4 (5th Cir. 2017)*. A court does not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)* (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction *sua sponte*).

## I.   Sovereign immunity bars Everett's claims.

The Court construes Everett's complaint as asserting claims against Texas Attorney General Ken Paxton in his official capacity. But the Eleventh Amendment typically deprives federal courts of jurisdiction over "suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. La. Bd. of Elementary & Secondary Educ., 743 F.3d 959, 963 (5th Cir. 2014)*. Everetts has not identified a waiver on Texas' part allowing the suit against Paxton.

Accordingly, the Court should dismiss this action for lack of subject matter jurisdiction.

## II. Alternatively, the *Rooker-Feldman* and *Younger* abstention doctrines also may deprive the Court of jurisdiction.

### a. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine[2] divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This prevents lower federal courts from reviewing state court error, as such review is best left to the state appellate court. *Smith v. Mortg. Elec. Reg. Sys., Inc.*, 2019 WL 4648263, at *4 (N.D. Tex. Aug. 30, 2019) (Rutherford, J.), *rec. adopted*, 2019 WL 4643678 (N.D. Tex. Sept. 24, 2019) (citing *MAPP Constr., LLC v. M&R Drywall, Inc.*, 294 F. App'x 89, 92 (5th Cir. 2008); *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970) (emphasizing that lower federal courts cannot sit in direct review of state court decisions)).

Under 28 U.S.C. § 1257, the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by a state's highest court.

---

[2] This doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); those decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 291 (2005).

"[A] party losing in state court is," therefore, "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416).

This jurisdictional bar extends to those cases "in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief." *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. Aug. 7, 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)) (internal quotation marks omitted). "A claim is 'inextricably intertwined' with a state court judgment if, in order to find in the plaintiff's favor, the federal court would have to conclude that the state court wrongly decided the issues before it or would otherwise have to void the judgment." *Brown v. Crawford*, 2008 WL 508390, at *3 (N.D. Tex. Feb. 25, 2008) (citing *Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir. 1989)).

Here, Everetts complains that her child support case should not have been transferred to, or re-opened in, Texas. Compl. at 1. As relief, she asks that the Court close her child support case. Compl. at 1. A ruling in Everett's favor would necessarily require overturning the State's decision to re-open her child support case. Accordingly, her claims should be dismissed without prejudice. *See Davis v. Dallas Cnty. Texas Child Support Enf't Agency*, 2021 WL 1111164, at *4 (N.D. Tex.

4

Mar. 2, 2021) (Rutherford, J.), *rec. adopted*, 2021 WL 1118372 (N.D. Tex. Mar. 23, 2021) (dismissing action challenging child support payments for lack of subject matter jurisdiction, in part, because the *Rooker-Feldman* doctrine deprived the Court of jurisdiction); *see also Martin v. Taylor Cnty.*, 2023 WL 11052640, at *6 (N.D. Tex. Dec. 22, 2023), *rec. adopted*, 2024 WL 965298 (N.D. Tex. Mar. 6, 2024) (applying *Rooker-Feldman* doctrine to reject request for court to terminate state court proceedings regarding child support payments).

### b. *Younger* Abstention Doctrine

Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction over requests to enjoin state proceedings when three elements are met: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.' " *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* and its progeny require federal courts to abstain from entering injunctions that would interfere with state court proceedings, whether they are criminal, non-criminal, or administrative in nature, so long as important state interests are involved. *Word of Faith World Outreach Ctr. Church v. Morales*, 986

F.2d 962, 966 (5th Cir. 1993); *see also Thomas v. State*, 294 F. Supp. 3d 576, 593 (N.D. Tex. 2018), *rec. accepted* 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) ("While it was once thought that *Younger* applied only to state criminal or 'quasi-criminal' proceedings, the [Supreme] Court has now made it clear that '[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved.' ") (citations omitted). This includes state proceedings related to child support. *See McKenzie v. Texas*, 2023 WL 4828404, at *5 (N.D. Tex. June 16, 2023), *rec. adopted*, 2023 WL 4826224 (N.D. Tex. July 27, 2023) ("Federal courts previously have abstained from ruling on cases that are inextricably connected to the important state interest of child support.") (citing in turn, *Marlett v. Heath*, No. 3:18-cv-2812-M-BN, 2018 WL 5723163, at *3 (N.D. Tex. Oct. 23, 2018), *rec. adopted*, 2018 WL 5717431 (N.D. Tex. Oct. 31, 2018) (abstaining under *Younger* from ruling on father's challenge to California state actions that allegedly violated a Texas child support and custody order)).

Here, to the extent the relevant state court proceedings are still pending, all three *Younger* elements are met: (1) granting Everetts her requested relief and closing her child support case would interfere with an ongoing state judicial proceeding; (2) family and child support issues are important state interests, *id.* (citing *Moore v. Sims*, 442 U.S. 415, 434 (1979); *Crouch v. Crouch*, 566 F.2d 486,

487 (5th Cir. 1978)); and (3) Everetts would have the opportunity to appeal an adverse judgment to the applicable state appellate court.

Accordingly, if Everett's child support case is still pending, the Court should abstain from ruling on her claims under the *Younger* abstention doctrine.

### Leave to Amend

"Rule 15 is a liberal standard that favors leave, but that preference has no purchase when amendment cannot cure the defect." *Ellsworth v. Dallas Texas Dep't of Veteran Affs.*, --- F.4th ---, 2025 WL 3239806, at *5 (5th Cir. Nov. 20, 2025) (O'Connor); *see also Sanders v. Deluxe,* 2025 WL 3491013, at *3 (N.D. Tex. Nov. 14, 2025) (Rutherford, J.), r*ec. adopted*, 2025 WL 3488340 (N.D. Tex. Dec. 4, 2025) ("Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend her complaint prior to a dismissal.") Indeed, leave to amend is not required when plaintiffs have already pleaded their "best case." *Brewster v. Dretke, 587 F.3d 764, 767–68 (5th Cir. 2009)*.

Here, the Court lacks jurisdiction over Everett's claims. Everetts could not overcome this deficiency in an amended complaint. Accordingly, the Court should find that leave to amend is not required here.

### Recommendation

Accordingly, the District Judge should dismiss this action for lack of subject matter jurisdiction.

**SO RECOMMENDED.**

January 27, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.